UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14CV-148-GNS

**TYSON STALLINGS III**                                                                 **PLAINTIFF**

v.

**MARY MAE HENRY-MARY FAYGAN** *et al.*                               **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Tyson Stallings III filed the instant *pro se* action. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A review of the complaint reveals that this Court lacks subject-matter jurisdiction. Therefore, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff filed this action on a Court-approved general complaint form. He sues the following Defendants: Mary Mae Hagan-Mary Faygan, Billy Robinson, Shirley Barlow, and Kempton D. Baldridge.[1] As the grounds for filing this case in federal court, Plaintiff states, "I Tyson Stallings have a complaint Mary Mae Henry/Mary Faygan Illegally sold me property orally and renig out the deal we both new the conditions of house she can just pay me back 1200." Plaintiff also states as follows:

> Billy Robinson owes me $1500.00 an refuse to do $8. he is known for filing bankruptcy I worked 12 hours a day with out any lunch break so inconsiderate. Shirley Barlow let a man spit in my sweet tea and I told her this man did this she did nothing I have went to the county clerk court house and there still was no justice for the nasty act this man commited unto me.

As relief, Plaintiff seeks "Justice to be served."

---

[1] Plaintiff lists Defendants Baldridge, Robinson, and Barlow in the section of the complaint form where Plaintiffs are to be listed. However, based on the entirety of the complaint and other filings, the Court concludes that Plaintiff intends to list these individuals as Defendants.

On the same date he filed the complaint, Plaintiff also filed a motion for "Justice to be served" (DN 4), in which he reiterated the allegations in the complaint. Plaintiff later submitted three filings which were docketed as supplements to the complaint (DNs 5, 6, and 7), which included police citations against him, a Kentucky State Police report that he filed concerning the incident where a man spit in his tea, complaints he filed with the Kentucky and Paducah Human Rights Commissions, and a document from the McCracken District Court.

## II. ANALYSIS

*Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's

influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. There are two ways a federal district court may have jurisdiction over a case. The first is through federal question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

*Federal question jurisdiction*

In the present case, Plaintiff has not established federal question jurisdiction under 28 U.S.C. § 1331. He has not stated that he was deprived of any federal statutory or constitutional right. Likewise, the complaint does not contain factual allegations that would establish a federal cause of action against Defendant. For these reasons, Plaintiff fails to demonstrate jurisdiction under 28 U.S.C. § 1331.

*Diversity jurisdiction*

Additionally, Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. § 1332. To give rise to jurisdiction under § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. According to the complaint, Plaintiff is a resident of Kentucky. He lists addresses for Defendant Barlow and Baldridge, demonstrating that they are both citizens of Kentucky. While he does not list addresses for Defendants Henry or Robinson in the complaint

form, he lists addresses for each of them in exhibits attached to the complaint, demonstrating that both Defendants Henry and Robinson are citizens of Kentucky. Therefore, as Plaintiff and all Defendants are citizens of Kentucky, Plaintiff fails to satisfy the diversity-of-citizenship requirement.

Even if Plaintiff and Defendants were citizens of different states, Plaintiff also fails to establish that the amount in controversy satisfies the jurisdictional requirement. To determine whether the amount in controversy exceeds the jurisdictional amount, the Court relies on the amount alleged in the complaint. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). Plaintiff alleges that Defendant Henry owes him $1,200 and that Defendant Robinson owes him $1,500. Plaintiff does not allege any other amounts in the complaint, and the Court cannot discern any possible claim arising out the facts alleged that would entitle Plaintiff to damages exceeding $75,000. As the amount in controversy does not exceed $75,000, Plaintiff fails to establish diversity jurisdiction.

### III. CONCLUSION

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date: December 22, 2014

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
4416.010

4